BROWN GRAIN COMPANY, Respondent, v. HENGLEFELT, et al, Appellants.

(227 N. W. 437.)

(File No. 6767. Opinion filed November 19, 1929.)

Bruell & Henderson, of Redefild, for Appellants.

Edgar C. Hezel, of Los Angeles, Cal., and Williamson, Smith & Williamson, of Aberdeen, for Respondent.

BURCH, J.   Plaintiff's complaint states two causes of action. The first declares upon a promissory note, the second upon an open account.   The note was signed by both defendants, Henglefelt and Steffen.   The account was carried on the books of the plaintiff as an account against Henglefelt alone.   For their defense defendants claim there was no consideration for the note, and that Henglefelt alone is liable upon the account.   The case was tried to the court without a jury, the court made findings of fact and rendered judgment in favor of plaintiff on both causes of action.   Defendants appeal from the judgment and from an order denying their motion for new trial.

Appellants offered no evidence, but relied on the insufficiency of plaintiff's evidence to support the findings and the judgment. Several questions are presented for review, but none of them need be considered if on the merits the evidence is sufficient to support the findings of the trial court that the note was given for a valuable consideration, and that the account is a joint obligation of both Henglefelt and Steffen.   We therefore first review the evidence supporting these findings.   The note is in evidence, is in the usual form, and recites consideration.   It is dated August 22, 1925, due March 1, 1926, signed by both appellants, who promised to pay $3,000, with interest at 6 per cent.   It was sent to respondent by appellant Steffen with a letter dated August 29, 1925, in which he says: "I hand you herewith a new note for $3,000 as per our correspondence a few days ago, and upon receipt of this note we will be pleased to have you return the note you now have, we are drawing on you for $3000.00, to-day. * * *" Respondent admits that the note was given in connection with the account and claims

to recover only the balance on the account after deducting the amount of the note. The account is based upon transactions in the grain and elevator business. The debit items of the account are chiefly drafts, checks, freight, and interest on daily balances. The credit items are chiefly sales accounts upon consignments of grain. The account shows a final balance of $2,547.70, from which is to be deducted the amount now due upon the note, which is less than the above balance; several payments having been made upon the note.

Because the note is confessedly an item of the account, and there is no credit on the account of the face of the note, appellants contend the evidence affirmatively shows no consideration for the note. In this we think appellants place too much importance on the manner of keeping the account. Steffen's letter says they will draw on respondent, and the account shows under date of September 2d (four days after the date of the letter) a draft was honored in the amount of $3,000. Payments later made on the note are credited on the account. If the note was given as collateral to the account to secure extended credit, or if given in consideration of the honoring of a draft for the face of the note, there was consideration. It is not material to the fact of consideration whether the draft was charged to the account and payments on the note credited to the account, or the face of the note credited thereon and later payments debited. The form of the bookkeeping does not prove want of consideration because it reflects a transaction not involving a direct loan of money. The character of the consideration is not here important. We have only to determine if there was consideration of any character. At or about the time of giving the note appellants received $3,000 apparently in exchange for the note. Appellants do not deny this or make any explanation. By reference to the books we might ascertain the nature of the transaction resulting in the exchange, but that is not material here. The evidence proves rather than disproves a consideration of some sort. We certainly cannot say the evidence preponderates against the finding of the trial court that there was a valuable consideration given for the note.

On the finding that the account is a charge against both appellants and not against Henglefelt, the evidence consists chiefly of letters written by Steffen and Henglefelt. We do not think a de-

tailed statement of the contents of the letters necessary. They are couched in language indicative of a joint interest in the elevator business. We cannot say the evidence preponderates against the finding of the trial court.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.

SHERWOOD, P. J., and POLLEY, CAMPBELL, and BROWN, JJ., concur.